UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SCOTT BOEHM, | Civil Case No. |
| *Plaintiff*, | ECF Case<br>Electronically Filed |
| v. | |
| RICHARD MONCHER, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| *Defendant*. | |

Plaintiff SCOTT BOEHM, by and through undersigned counsel, hereby demands a trial by jury of all claims and issues so triable, and for his Complaint against Defendant RICHARD MONCHER, hereby asserts and alleges as follows:

**JURISDICTION AND VENUE**

1. Plaintiff Scott Boehm ("Plaintiff" or "Boehm") is a photographer who makes his living taking and licensing sports-related photographs.

2. Plaintiff is a resident of the state of Illinois.

3. Upon information and belief, Defendant Richard Moncher ("Defendant" or "Moncher") lives in Santa Monica, California but owns and/or does business as "PackerGreats," through which he sells sports prints, posters, canvases, and other memorabilia primarily directed toward fans of the Green Bay Packers.

4. Upon information and belief, Defendant Moncher owns a storage unit in Milwaukee, Wisconsin, which he uses to store and distribute his inventory to customers. Defendant also uses the storage unit as a "showroom" for potential customers, who schedule appointments with Defendant to view and purchase products stored therein.

1

5. Upon information and belief, Defendant Moncher has numerous customers in Wisconsin and has sold and distributed numerous products in this District.

6. This is an action for copyright infringement and related claims brought by Plaintiff against Defendant for unauthorized uses of Plaintiff's copyrighted photograph.

7. Jurisdiction for Plaintiff's claims lies with the United States District Court for the Eastern District of Wisconsin pursuant to the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*, 28 U.S.C. § 1331 (conferring original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States"), and 28 U.S.C. § 1338(a) (conferring original jurisdiction over claims arising under any act of Congress relating to copyrights).

8. This Court has personal jurisdiction over Moncher pursuant to Wis. Stat. § 801.05(3) because specific acts of infringement by him, including the publishing and display of infringing products, occurred in Wisconsin.

9. Venue is proper in this Court under 28 U.S.C. § 1391(b) since the alleged misconduct by Defendant giving rise to the claims asserted herein occurred in this District and under 28 U.S.C. § 1400(a) because Defendant may be found in this District.

10. Upon information and belief, Defendant sold and offered to sell unauthorized memorabilia products from a storage unit owned by Defendant which is located in Milwaukee, Wisconsin.

**FACTUAL ALLEGATIONS**

11. Plaintiff is a professional photographer who makes his living by taking and licensing photographs.

12. Plaintiff specializes in creating sports-related photography, including photographing NFL, NCAA, and MLB games.

13. The photograph at issue in this action was created by Plaintiff and he owns all copyrights in and to the photograph.

14. Defendant Moncher operates a business that sells posters, prints, and other sports memorabilia products.

15. On or about July 10, 2018, Defendant published a roughly thirty-minute-long video to YouTube, titled, "PackerGreats Memorabilia Milwaukee," (hereinafter the "YouTube Video") in which he described and displayed the various memorabilia products located in Defendant's Milwaukee storage unit.

16. Of the products depicted in the YouTube Video, at least one product incorporates an infringing copy of Plaintiff's panoramic photograph of Lambeau Field (the "Image"), which was slightly cropped and used as the backdrop for an image of former Packers linebacker Clay Matthews. A side-by-side comparison of Plaintiff's original Image and a screen capture of this product (hereinafter the "Lambeau/Clay Matthews Print") is attached hereto as Exhibit 1.

17. There is no doubt that the image used in the Lambeau/Clay Matthews Print is a copy of Plaintiff's panoramic Image of Lambeau Field because the cloud pattern and natural shading in both images is identical.

18. Plaintiff shot the Image on October 3, 2010 at a game between the Green Bay Packers and the Detroit Lions.

19. Defendant Moncher did not obtain or seek any license whatsoever to use Plaintiff's Image in any manner.

20. This is not the first time Plaintiff has sued Defendant for infringing his copyrighted works. Defendant was previously sued twice in the Western District of Wisconsin, *see Boehm, et al. v. Legends of the Field, et al*., Case No. 3:14-cv-16-JDP (W.D. Wis. 2014) ("*Boehm I*") and

*Boehm v. Moncher*, Case No. 3:16-cv-600-JDP ("*Boehm II*") (together, the "Wisconsin Actions"), and once in the Central District of California, *see Boehm v. Moncher*, Case No. 2:17-cv-7923-DMG-SS (C.D. Cal. 2017) (the "California Action").

21. In *Boehm II*, the claims against Defendant were dismissed for lack of personal jurisdiction, however it has become clear that Defendant repeatedly lied and misled the court regarding his presence in Wisconsin. For example, Defendant stated in a sworn filing that he "[has] no direct involvement in any business activity in Wisconsin" and that "[t]he only business 'interest' [he has] in Wisconsin is something [he] signed for [his] younger brother Daniel who didn't have a sufficient credit rating at the time." *Boehm II*, Dkt. No. 14 (W.D. Wis. Oct. 21, 2016). Defendant also stated the he "[has] no presence in the State of Wisconsin – other than visiting my mother in Hurley once each year." *Id.*, Dkt. No. 6. Defendant's ownership and operation of a large storage unit as a "showroom" for a significant number of memorabilia products which he shows to customers in Milwaukee plainly contradicts these statements.

22. In the California Action, Defendant entered into a stipulated judgment and permanent injunction with respect to a separate image owned by Plaintiff not at issue in this case.

23. Because information regarding Defendant's use of Plaintiff's photos remains in Defendant's sole possession, the full scope of Defendant's infringing activities has not yet been ascertained.

24. Upon information and belief, a reasonable opportunity for further investigation and discovery will yield evidence that Defendant's unauthorized, unlicensed, and/or infringing use and exploitation of Plaintiff's images is not limited to the photographic work identified herein but rather includes numerous additional works and uses.

25. Plaintiff's claim against Defendant in this action accrued after both the Wisconsin

Actions and California Action were resolved, through Defendant's publication of the YouTube Video in July 2019 and any subsequent sales of the Lambeau/Clay Matthews Print.

## COUNT I
## COPYRIGHT INFRINGEMENT

26. Plaintiff repeats and re-alleges each of the above allegations as if set forth fully herein.

27. Plaintiff created and owns the copyright in and to the Image at issue in this action.

28. Plaintiff's copyright in and to the Image has been registered with the United States Copyright Office under Registration No. VA 1-791-990.

29. Defendant infringed Plaintiff's copyright by publishing, offering for sale and selling his copyrighted Image without a license.

30. Defendant's infringing conduct includes the publishing of the YouTube Video which displayed Plaintiff's Image.

31. Defendant's unauthorized use of Plaintiff's copyrighted works was willful, intentional, and/or reckless.

32. Defendant is fully-aware of the fact that selling unauthorized memorabilia prints is illegal and knew that continuing to offer for sale such products would infringe Plaintiff's – and potentially others' – copyrights.

33. Upon information and belief, Defendant was aware that the Lambeau/Clay Matthews Print was unauthorized and infringing given that this product was one of the illegal products at issue in *Boehm I*. Although the claims against Moncher were eventually dismissed for lack of proper service in that action, Defendant filed an answer and other briefs in that action and undoubtedly was put on notice of the photos and unauthorized products at issue.

34. Even if Defendant did not have actual knowledge that the Lambeau/Clay Matthews

5

Print infringed Plaintiff's copyright, he was willfully blind to that fact or acted with reckless disregard of Plaintiff's copyrights by failing to adequately review the filings in *Boehm I* and by not ensuring that all memorabilia products in his possession were licensed and fully authorized.

**WHEREFORE,** Plaintiff respectfully prays for judgment on his behalf and for the following relief:

1. A preliminary and permanent injunction against Defendant from copying, displaying, distributing, advertising, promoting, and/or selling any products or materials that include Plaintiff's work identified herein, and requiring Defendant to deliver to the Court for destruction or other appropriate disposition all relevant materials, including digital files of Plaintiff's photograph and all copies of the infringing materials described in this complaint that are in the control or possession or custody of Defendant;

2. All allowable damages under the Copyright Act, including, but not limited to, statutory or actual damages, including damages incurred as a result of Plaintiff's loss of licensing revenue and Defendant's profits attributable to infringement;

3. An order permitting Plaintiff to visit Defendant's storage unit in Milwaukee, Wisconsin in order to inspect the products therein and prevent Defendant from concealing any other infringing product(s);

4. Plaintiff's full costs, including attorneys' fees and any other amounts authorized by law that were incurred in pursuing and litigating this matter;

5. For such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**

Dated June 27, 2019

        Respectfully submitted,

        **THE McCULLOCH LAW FIRM PLLC**

By: *(signed)* Kevin McCulloch

Kevin P. McCulloch
Nathaniel A. Kleinman
501 Fifth Avenue, Suite 1809
New York, New York 10017
T: (212) 355-6050
F: (206) 219-6358
kevin@mccullochiplaw.com
nate@mccullochiplaw.com

*Attorneys for Plaintiff*